# UNITED STATES DISTRICT COURT

District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| EDWIN DE-LA-CRUZ-CRUZ | Case Number:  3:17-cr-00515-1(FAB) |
| | USM Number:  51636-069 |
| | AFPD Carlos A. Vazquez-Alvarez |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    One (1) on January 16, 2018

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(g)(3) and 924(a)(1) and 2 | Possession of a firearm by a drug user; aiding and abetting. | 8/19/2017 | One (1) |
| | | | |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 23, 2018
Date of Imposition of Judgment

s/Francisco A. Besosa
Signature of Judge

Francisco A. Besosa, U.S. District Judge
Name and Title of Judge

May 23, 2018
Date

DEFENDANT:  EDWIN DE-LA-CRUZ-CRUZ
CASE NUMBER:  3:17-cr-00515-1(FAB)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Thirty (30) months

☑  The court makes the following recommendations to the Bureau of Prisons:

--That defendant enroll in English-as-second-language courses and participate in vocational training for electricians.
--That he be designated to the institution in Coleman, FL.
--That defendant receive treatment for his ADD condition.
--That he be allowed to participate, if he qualifies, in the 500-hour drug treatment program.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____  ☐ a.m.  ☐ p.m.   on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on  _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page   3   of    7  

DEFENDANT:    EDWIN DE-LA-CRUZ-CRUZ
CASE NUMBER:    3:17-cr-00515-1(FAB)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Three (3) years

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

         ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   EDWIN DE-LA-CRUZ-CRUZ
CASE NUMBER:   3:17-cr-00515-1(FAB)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT:   EDWIN DE-LA-CRUZ-CRUZ
CASE NUMBER:   3:17-cr-00515-1(FAB)

## SPECIAL CONDITIONS OF SUPERVISION

1.  He shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2.  He shall not commit another Federal, state or local crime.

3.  He shall not possess firearms, destructive devices, or other dangerous weapons.

4.  He must be employed.  In the case employment is not available, he must complete community service work of 20 hours per week during his term of supervised release.  The probation officer will supervise the participation in the community service program by approving the program (agency, location, frequency of participation, etc.).  He must provide written verification of completed community service hours to the probation officer.

5.  He shall participate in vocational training and a job placement program, as recommended by the Probation Officer.

6.  He shall provide the Probation Officer access to any financial information upon request.

7.   He shall remain under curfew at his residence of record from 6:00 p.m. to 6:00 a.m. for a period of six (6) months to commence upon his release from imprisonment. During this time, he shall remain in his residence, except for employment or other activities approved in advance by the probation officer.  He shall wear an electronic device 24 hours a day and shall observe the rules specified by the probation officer. The defendant is ordered to pay the daily cost of the Electronic Monitoring Device. Payment shall be based on his ability to pay or the availability of payments by third parties, as approved by the Court. In addition to any other telephone or cellphone, the defendant shall maintain a telephone at his residence without a modem, an answering machine, or a cordless feature during the term of electronic monitoring.

8.  He shall submit himself and his property, house, residence, vehicles, papers, effects, computers and other electronic communications or data storage devices or media to a search, at any time, with or without a warrant, by a U.S. Probation Officer, and if necessary, with the assistance of any other law enforcement officer, but only in the lawful discharge of the supervision functions of the Probation Officer, who must have a reasonable suspicion of contraband, or of evidence of a violation of a condition of supervised release. The Probation Officer may seize any electronic communication or electronic device or medium which will be subject to further forensic investigation or analysis. Failure to permit a search and seizure may be grounds for revocation of supervised release. The defendant shall warn any other resident or occupant that his premises may be subject to searches pursuant to this condition.

9.   He shall not possess or use controlled substances unlawfully and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, defendant shall submit to random drug testing, not less than three (3) samples during the supervision period, but not more than 104 samples each year, in accordance with the Drug Aftercare Program Policy of the United States Probation Office, as has been approved by this Court. If the illegal use of controlled substances is detected in any sample, defendant shall participate in an inpatient or an outpatient substance abuse treatment program, for evaluation or treatment, as arranged by the Probation Officer; payment shall be based on his ability to pay or the availability of payments by third parties, as approved by the Court.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: EDWIN DE-LA-CRUZ-CRUZ
CASE NUMBER: 3:17-cr-00515-1(FAB)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page   7   of    7

DEFENDANT:  EDWIN DE-LA-CRUZ-CRUZ
CASE NUMBER:  3:17-cr-00515-1(FAB)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $   100.00   due immediately, balance due

       ☐   not later than            , or
       ☐   in accordance with  ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

B   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C   ☐   Payment in equal       *(e.g., weekly, monthly, quarterly)* installments of $       over a period of
           *(e.g., months or years)*, to commence       *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal       *(e.g., weekly, monthly, quarterly)* installments of $       over a period of
           *(e.g., months or years)*, to commence       *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

E   ☐   Payment during the term of supervised release will commence within       *(e.g., 30 or 60 days)* after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:
 Any firearm(s) and ammunition involved or used in the commission of the offense, including, but not limited to, a Beretta PX4 Storm pistol, 0.40 caliber, serial number PY44696; and a Glock pistol, Model 22, 0.40 caliber, serial number DXD903.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.